**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN D. WEAVER | |
| Appellant | No. 1880 EDA 2014 |

Appeal from the PCRA Order of June 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0008078-2009

BEFORE: DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                          **FILED MARCH 13, 2015**

Kevin D. Weaver appeals from the order denying Weaver's first, counseled petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, after an evidentiary hearing. We affirm.

The PCRA court set forth the facts of this case as follows:

On January 25, 2011, [Weaver] appeared before the [trial court] and entered a negotiated guilty plea to third-degree murder, possession of an instrument of crime[ ("PIC"),] and violation of the Uniform Firearms Act (VUFA). Evidence adduced at the hearing established that[,] at approximately 1:06 a.m. on March 8, 2009, [Weaver] was observed pulling a black semi-automatic handgun from his van parked at or near 5243 South Irving Street[, Philadelphia, PA]. While [Weaver] was removing the gun from his van, the decedent, Idris Marion Jackson, parked his own van nearby. Decedent exited his vehicle and walked toward [Weaver]; as the decedent stepped onto the curb, [Weaver] began shooting. The decedent was struck six times (twice while the decedent was standing and four times while he was on the ground). A witness who had watched these events unfold observed [Weaver] stand over the body and shoot the decedent twice in the head. Consequently, [the trial court] sentenced

[Weaver] to an aggregate term of twenty-two and one-half (22½) to fifty-two years of imprisonment.

On February 2, 2011, a *pro se* motion for reconsideration of sentence was filed. On February 3, 2011, [the trial court] denied the motion. [Weaver] did not appeal.

Thereafter, [on January 3, 2012, Weaver] filed a *pro se* petition for post-conviction relief raising a claim of actual innocence and ineffective assistance of counsel for failing to file a motion under Pa.R.Crim.P. 600(g). In an addendum to his filing, [Weaver] argued that counsel was ineffective for failing to contest the court's refusal and/or failure to state reasons for deviating from the sentencing guidelines; [Weaver] claims his sentence is excessive. [Counsel] was appointed and filed an amended petition arguing that trial counsel was ineffective for failing to file a direct appeal raising the disparity of the sentence. [Counsel] also sought reinstatement of [Weaver's] direct appellate rights as well as his right to file post-sentence motions.

A hearing was held before [the PCRA] court on April 30, 2014. [The PCRA] court denied the petition on June 20, 2014.

PCRA Court Opinion ("P.C.O."), 8/8/2014, at 1-2 (record citations omitted).

Weaver timely appealed on June 23, 2014. The PCRA court did not order Weaver to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 8, 2014.

Weaver raises one question for our review: "Was the trial defense counsel ineffective for failing to file an appeal after the trial court denied counsel's motion to reconsider sentence when there were substantial questions as to the appropriateness of the sentence?" Weaver's Brief at 2.[1]

_____

[1] We note that, despite being granted an extension of time, the Commonwealth has failed to file a brief on appeal.

Weaver argues that trial counsel "was ineffective for failing to appeal the sentence imposed . . . because the sentence imposed by the trial court was unjust, improper, manifestly unreasonable, irrational, and an abuse of discretion[.]" *Id.* at 7. Accordingly, he contends that the PCRA court erred in not reinstating his right to appeal his judgment of sentence *nunc pro tunc*. *Id.* We disagree.

Our standard of review on appeal from an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (citation omitted).

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove [plea] counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has

- 3 -

arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

*Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [*Pierce*] test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa. Super. 2009).

> It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (Pa. 1999). Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); [*Commonwealth v.*] *Carter*, [21 A.3d 680, 682 (Pa. Super. 2011)]. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal. *Roe v. Flores-Ortega*, *supra*.

*Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011).

With regard to counsel's duty to consult with a defendant regarding the filing of an appeal, this Court has held as follows:

> [Case law] impose[s] a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal . . . such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.

- 4 -

*Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006) (quotations, quotation marks, and citations omitted).

Here, Weaver does not contend that counsel disregarded a request to appeal; rather, he argues that there were nonfrivolous grounds for appeal because the judgment of sentence imposed following his open guilty plea was unreasonable. Weaver's Brief at 8; *see also Commonwealth v. Shugars*, 895 A.2d 1270, 1274 n.5 (Pa. Super. 2006) ("[O]pen plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence."). Accordingly, we turn to a review of this claim in order to determine whether the underlying legal issue has arguable merit. *See Busanet*, 54 A.3d at 45.

> [S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To be entitled to relief, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014) (citations and quotation marks omitted).

As required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), Weaver has included in his brief a separate statement of reasons in support of review of the discretionary aspects of his sentence. *See* Weaver's Brief at 3. Weaver must raise in his statement a substantial question as to the appropriateness of his sentence in

order to permit appellate review. ***See Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009).

> Where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, such a statement will be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa. Super. 2006) (quoting ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002) (plurality)).

Here, Weaver argues that his judgment of sentence raised a substantial question because: the trial court failed to consider Weaver's background and failed to state any reason for imposing a sentence in the aggravated range, the trial court did not have the benefit of a presentence investigation report (PSI), and the trial court ordered the sentences to run consecutively. Weaver's Brief at 3.

"[A]n appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report does raise a substantial question." ***Commonwealth v. Flowers***, 950 A.2d 330, 332 (Pa. Super. 2008) (internal quotation marks omitted). Likewise, "a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating

circumstances." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citations omitted). However, a general claim that the court erred by ordering the sentences to run consecutively does not raise a substantial question. ***See Commonwealth v. Pass***, 914 A.2d 442, 446 (Pa. Super. 2006). Thus, we will only address Weaver's claims that the trial court did not order a PSI or state any reason for the sentence imposed when sentencing in the aggravated range.

In the instant case, on January 25, 2011, Weaver entered an open guilty plea and the trial court immediately proceeded to sentencing, where it imposed an aggregate judgment of sentence of not less than twenty-two and one half years nor more than fifty-two years' incarceration. Notes of Testimony ("N.T."), 1/25/2011, at 51. At the beginning of the guilty plea hearing, the trial court asked Weaver: "Now, it's my understanding that you're prepared to waive your right to a presentence investigation and to go a sentence today; is that correct?" ***Id.*** at 5. Weaver replied, "Yes." ***Id.*** After pleading guilty, the court again told Weaver, "You're giving up your right to a presentence investigation which is an investigation that would tell me about your life and about you." ***Id.*** at 23. After a discussion, Weaver's counsel stated, "I explained to [Weaver] he has no prior history whatsoever and [the court has] already been made aware of the fact and would be made aware of that fact in the presentence report." ***Id.*** at 25.

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A

person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa. Super. 2007) (citations omitted).

Here, Weaver was twice given the opportunity to object to the lack of a PSI and twice chose to waive that right. He does not contend that his plea was entered involuntarily or that he lacked capacity to understand what was transpiring during the guilty plea hearing. Therefore, he is bound by the statements he made in open court. ***Id.*** Accordingly, his underlying claim that the trial court erred in failing to order a PSI is contradicted by the record where Weaver explicitly waived his right to said PSI. ***See Ragan***, 923 A.2d at 1170.

Likewise, Weaver's claim that the trial court sentenced him in the aggravated sentencing range without considering the requisite factors on the record lacks merit. At the sentencing hearing, the court was informed of Weaver's prior record score of zero, offense gravity of fourteen, and the statutory limits of the sentences. N.T., 1/25/2011, at 32-33. The court heard statements from the decedent's mother and sister, Weaver's mother, and Weaver himself. ***Id.*** at 25-28, 30-31, 36-37, and 42-49. Counsel for Weaver spoke at length about Weaver's background and character. ***Id.*** at 37-42. Ultimately, the court told Weaver:

> You had choices. [The decedent] made some bad choices, too. I'm not saying he didn't. But you made some really bad choices.

- 8 -

And I can't make excuses for it. I really can't. I was hoping you were going to tell me something that I could at least understand. But this. You don't put two bullets in the back of a man's head that's been your friend for a decade, according to what you told me.

\* \* \*

[Y]ou put two bullets in the back of [the decedent's] head and you put a bullet in the back of his neck that burned his skin. You shot him dead center in the chest. If it was over a gun to your head[, as the decedent had held a gun to Weaver's head two months prior], if it was over a gun to your head, you were 21 years old at the time, [the worst] mistake you ever made was not telling the police. . . . [b]ecause with his criminal history, he would have been in jail and you would have been just fine. . . .

\* \* \*

I actually do believe you are sorry. I really do. And one day I hope that [the decedent's mother] can hear you and know that you are sorry. I know that you are sorry. I really do believe that. I don't know what happened on the street that day, but I believe you are sorry.

But I can't do what [counsel for Weaver] wants and I can't quite do what [the Commonwealth] wants either. I'm going to sentence you on the murder in the third degree to 20 to 40 years['] incarceration. Followed by a consecutive one and a half to seven on the VUFA. And one to five on the PIC, for a total of 22 and a half to 52. I sentence you to the mandatory costs of court [and] $1,800 in restitution for funeral expenses.

*Id.* at 46-51. The trial court thoroughly explored Weaver's background and the reasons for the sentence imposed before sentencing him the aggravated range. Thus, we conclude that the trial court did not abuse its discretion in sentencing Weaver. **Samuel**, 102 A.3d 1001, 1007. Weaver's claims to the contrary are not supported by the record and would not merit relief.

Because Weaver "is not entitled to relief with regard to the underlying claim upon which his ineffectiveness claim is premised[, he] is not entitled to relief with regard to his ineffectiveness of PCRA counsel claim." *Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011). Thus, the PCRA court's decision to decline to reinstate Weaver's direct appeal rights *nunc pro tunc* and to dismiss his PCRA petition after a hearing is supported by the record and free of legal error. *See Ragan*, 923 A.2d at 1170. Weaver's issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015